PER CURIAM.*
We granted the writ application for the sole issue of deciding whether a notice to seek a writ of review made orally by the State in open court should be treated as a motion for appeal for timeliness purposes pursuant to Louisiana Code of Criminal Procedure article 914. However, after considering the record and the oral argument before the Court, it was discovered the trial judge set a return date for the writ, by which the State did not comply. Louisiana Code of Criminal Procedure article 915 instructs “the return date shall be seventy-five days from the date the motion for appeal is granted, unless the trial judge fixes a lesser period.” Therefore, even if we were to treat the notice to seek a writ as a timely-filed motion for appeal, the State did not adhere to the lesser period fixed by the trial judge. Accordingly, we recall the writ as improvidently granted.
WRIT GRANT RECALLED; WRIT DENIED.
WEIMER, J., concurs in part and dissents in part.

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.